**O'HAGAN MEYER, LLP**
MATT D. ZUMSTEIN, SB# 201306
   Email: mzumstein@ohaganmeyer.com
JOSEPH R. LORDAN, SB# 265610
   Email: jlordan@ohaganmeyer.com
One Embarcadero Center, Suite 2100
San Francisco, CA 94111
Telephone: 415.604.0162

Attorneys for Defendant
PRAVIN G. PATEL

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Doe, an individual,<br><br>         Plaintiff,<br><br>     v.<br><br>G6 Hospitality, LLC; G6 Hospitality IP, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; G6 Hospitality Franchising, LLC; Motel 6 Operating, LP; D Mod Hotel LLC; D Tur Hotel LLC; Pravin G. Patel, an individual; and DOES 1-100, inclusive,<br><br>         Defendants. | Case No. 2:25-cv-03142-DC-JDP<br><br>**DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**<br><br>Action Filed: October 28, 2025<br>Trial Date:   None Set |

COMES NOW the Defendant, Pravin G. Patel ("Answering Defendant"), by and through counsel, O'Hagan Meyer, PLLC, and respectfully submits its Answer to Plaintiff Jane Doe's Complaint with Affirmative Defenses as follows:

## INTRODUCTION

1.     Admitted in part and denied in part. Answering Defendant admits only that Plaintiff Jane Doe brings this action against Defendants. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

2.     Admitted in part and denied in part. Answering Defendant admits only that the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, et seq., speaks

1

for itself. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

3.    Admitted in part and denied in part. Answering Defendant admits only that the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581, et seq., speaks for itself. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

4.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

5.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Answering Defendant in this paragraph as stated in the Complaint and demands strict proof thereof. Answering Defendant is not a "major hotel brand," as he is an individual.

6.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

7.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

8.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

9.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

10.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

11.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

12.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

13.    Admitted in part and denied in part. Answering Defendant admits only that Jane Doe filed this civil lawsuit. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

## PARTIES

14.    Answering Defendant denies Plaintiff was harbored, forced, and coerced to engage in commercial sex acts for the benefit of Answering Defendant from approximately July 2018 to August 2020. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

15.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant D Mod Hotel, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

16.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant D Tur Hotel, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

17.    Admitted in part and denied in part. Answering Defendant admits that he is a resident of the State of California. Upon information and belief, Answering Defendant admits that Tridevi Corp. was created to own, operate, manage, maintain, inspect, secure, supervise, and/or control the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 and did own, operate, manage, maintain, inspect, secure, supervise, and/or control the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

18.    Answering Defendant admits only that Defendants D Mod Hotel, LLC, D Tur Hotel LLC, and Pravin G. Patel are collectively referred to as "Motel 6 Location Defendants" in Plaintiff's

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Complaint. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

19.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant G6 Hospitality, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

20.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant G6 Hospitality, IP, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

21.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant G6 Hospitality Property, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

22.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant G6 Hospitality Purchasing, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

23.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant G6 Hospitality Franchising, LLC in this paragraph as stated in the Complaint and demands strict proof thereof.

24.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant Motel 6 Operating, LP in this paragraph as stated in the Complaint and demands strict proof thereof.

25.     Answering Defendant admits only that Defendants G6 Hospitality, LLC, G6 Hospitality IP, LLC, G6 Hospitality Property, LLC, G6 Hospitality Purchasing, LLC, G6 Hospitality Franchising, LLC, and Motel 6 Operating, LP are collectively referred to as "G6 Defendants" in Plaintiff's Complaint. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

26.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

4

27.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

28.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

29.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to Defendant Motel 6 Operating, LP in this paragraph as stated in the Complaint and demands strict proof thereof.

30.     Answering Defendant admits only that the United States District Court for the Eastern District of California has jurisdiction over this Action. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

31.     Answering Defendant admits only that venue is proper in the United States District Court for the Eastern District of California. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

32.     Answering Defendant admits only that venue is proper in the United States District Court for the Eastern District of California. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

33.     Answering Defendant admits only that Tridevi Corp. was created to transact business in the County in which the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 is located. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof. Except as so admitted or stated that Answering Defendant is without knowledge sufficient, the remaining allegations in this paragraph of as stated in the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the remaining allegations directed to Answering Defendant in this paragraph are denied.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

## SEX TRAFFICKING UNDER FEDERAL LAW

34.    Answering Defendant admits only that 18 U.S.C. § 1591 and 22 U.S.C. § 7102 speak for themselves. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

35.    Answering Defendant admits only that 18 U.S.C. § 1595(a) speaks for itself. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

36.    Answering Defendant admits only that 22 U.S.C. § 7102(12) speaks for itself. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

37.    Answering Defendant admits only that 22 U.S.C. § 7102(11) speaks for itself. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

## FACTUAL ALLEGATIONS

38.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegation that "[t]he hospitality industry has been aiding and abetting sex trafficking for decades" in this paragraph as stated in the Complaint and demands strict proof thereof. Answering Defendant denies the remaining allegations directed to Answering Defendant in this paragraph.

39.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

40.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

41.    Answering Defendant denies that it offers anonymity and non-traceability to sex traffickers, making the Motel 6 an ideal venue for crime and sex trafficking. Answering Defendant denies it knowingly harbors traffickers, buyers, and victims related to sex trafficking. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

42.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

43.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

44.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

45.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

46.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

47.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

48.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

49.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

50.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

51.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

52.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

53.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

54.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

55.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

56.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

57.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

58.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

59.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations, including those directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

60.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

61.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

62.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

63.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

64.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

65.    Answering Defendant admits only that Plaintiff Jane Doe brings this Action against Defendants. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations, including those directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

66.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

67.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

68.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

69.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

70.     Denied as the Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

71.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

72.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

73.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that said Franchise Agreement designated the property located at 150 Northwoods Ave., Manteca, CA 95336 as the Motel 6 franchise location. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations, including those directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

74.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

75.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

76.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

77.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

78.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

79.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

80.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

81.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

82.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

83.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

84.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

85.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

86.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

87.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

88.     Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without

11

knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

89.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

90.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

91.    Answering Defendant denies that "Motel 6 Location Defendants and G6 Defendants are inextricably intertwined." Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

92.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

93.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

94.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

95.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012 which required a monthly royalty fee to be provided to the Franchisor in this Franchise Agreement, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave.,

Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

96.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

97.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

98.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

99.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

100.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

101.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

102.    Upon information and belief, Answering Defendant admits only that Tridevi Corp. was created to own and operate the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 and did own and operate the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

103.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

104.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

105.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

106.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

107.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

108.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

109.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

110.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

111.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

112.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

113.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

114.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

115.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

116.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

117.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

118.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

119.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

120.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

121.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

122.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

123.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

124.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

125.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

126.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

127.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

128.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

129.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

130.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

131.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

132.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

133.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

134.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

135.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

136.    Denied as to Answering Defendant.

137.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

138.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

139.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

140.     Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

141.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

142.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

143.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

144.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

145.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

146.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

147.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

148.     Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

149.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

150.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

151.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

152.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

153.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

154.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

155.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

156.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

157.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

158.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

159.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

160.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

161.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

162.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

163.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

164.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

165.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

166.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

167.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

168.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

169.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

170.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

171.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as stated in the Complaint and demands strict proof thereof.

172.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

173.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

174.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

175.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

176.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

177.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

178.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

179.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

180.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

181.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

182.    Answering Defendant admits only that he entered into a Franchise Agreement with Accor Franchising North America, LLC dated June 29, 2012, and that the Franchisor in this Franchise Agreement provided brand standards to the Motel 6 located at 150 Northwoods Ave., Manteca, CA 95336 pursuant to this Franchise Agreement. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

183.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

184.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

185.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

186.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

187.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### 1.  Sex Trafficking Under 18 U.S.C. § 1595

188.    Answering Defendant admits only that Plaintiff states she "realleges and incorporates the allegations in paragraphs 1 through 187."Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

189.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

190.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

191.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

**2. Beneficiary Liability Under § 1595(a) of the TVPRA (all Defendants)**

192.    Answering Defendant admits only that Plaintiff states she "realleges and incorporates the allegations in Paragraphs 1 through 191." Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

193.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

194.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

195.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

196.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

**3. Cause of Action: Vicarious Liability for TVPRA Violations (G6 Defendants)**

197.    Answering Defendant admits only that Plaintiff states she "realleges and incorporates the allegations in Paragraphs 1 through 196." Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

198.    Answering Defendant admits only that the TVPRA and federal common law speak for themselves. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

199.    Answering Defendant admits only that the TVPRA and federal common law speak for themselves. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

200.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

201.    Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

202.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

203.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

**JOINT AND SEVERAL LIABILITY**

204.    Answering Defendant admits only that *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-21 (1994), 723 ILCS 5/2-1117, Restatement of Torts § 875 (1977), and *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) speak for themselves. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

205.    Answering Defendant admits only that *Edmonds v. Compagnie Generale Transatlanticque*, 443 U.S. 256 (1979) and *Manganiello v. City of New York*, No. 07 Civ. 3644, 2008 WL 2358922 (S.D.N.Y. June 10, 2008) speak for themselves. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

206.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

**DAMAGES**

207.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

208.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

209.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

### PUNITIVE DAMAGES

210.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

### COSTS AND ATTORNEY FEES

211.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

212.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

### JURY DEMAND

213.    Answering Defendant admits only that Plaintiff request a jury trial in this action. Except as so admitted, the allegations in this paragraph as to Answering Defendant are denied.

### PRAYER

214.    Denied as to Answering Defendant. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations directed to the other Defendants in this paragraph as stated in the Complaint and demands strict proof thereof.

### PRAYER FOR RELIEF

**WHEREFORE**, Answering Defendant denies liability and asks the Court to enter judgment in its favor on all claims and to award this Answering Defendant its fees and costs together with such other equitable relief that the Court deems fair and just.

# **AFFIRMATIVE DEFENSES**

## First Affirmative Defense

### (Failure to State a Claim)

1. Plaintiff's Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Superseding or Intervening Acts)

2. Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties over whom Answering Defendant had no right of control.

## Third Affirmative Defense

### (Fault of Third Parties/Apportionment of Fault)

3. Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Answering Defendant, including but not limited to third parties such as Plaintiff's alleged traffickers and "Johns," under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault.

## Fourth Affirmative Defense

### (Failure to Mitigate Damages)

4. Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

## Fifth Affirmative Defense

### (Disease or Medical Condition)

5. Plaintiff's alleged injuries and/or damages are due to a naturally occurring disease process or ongoing medical condition for which Answering Defendant is not and may not be held legally responsible.

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Sixth Affirmative Defense

(No Vicarious Liability)

6.     Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part because the alleged acts or omissions were not committed by Answering Defendant's employees or agents or were outside the scope of authority conferred by Answering Defendant and not ratified by Answering Defendant.

Seventh Affirmative Defense

(Statute of Limitations)

7.     Plaintiff's Complaint, and each cause of action asserted therein, is barred in whole or in part by the applicable statute of limitations.

Eighth Affirmative Defense

(No Exemplary or Punitive Damages)

8.     Plaintiff's Compliant, and each cause of action set forth therein, fails to establish any willful malicious, reckless, wanton, or fraudulent conduct on the part of this Answering Defendant as required to justify the imposition of punitive or treble damages, or that Answering Defendant acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law.

Ninth Affirmative Defense

(Comparative Negligence/Assumption of Risk)

9.     Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in party by Plaintiff's own comparative fault, negligence, and/or assumption of risk.

Tenth Affirmative Defense

(Substantial/Proximate Cause)

10.     Any acts or omissions which Plaintiff alleges on the part of Answering Defendant and/or its employees, agents, and/or servants are not a substantial or proximate cause or factor of the injuries and damages referred to and/or identified in Plaintiff's Complaint.

///

///

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Eleventh Affirmative Defense

(Standards of Care)

11.    At all times applicable hereto, Answering Defendant and its employees, agents, and/or servants acted in a reasonable, proper, prudent manner and in accordance with the applicable standards of care.

Twelfth Affirmative Defense

(No Ownership, Operation or Control)

12.    Plaintiff's Complaint, and each cause of action set forth therein, is barred in whole or in part because Answering Defendant did not own, operate, or control the premises alleged to be at issue at any time relevant to Plaintiff's Complaint.

Thirteenth Affirmative Defense

(Punitive Damages)

13.    With respect to Plaintiff's demands for punitive damages, Plaintiff fails to allege facts sufficient to allow recovery of punitive damages or exemplary damages from this Answering Defendant.

Fourteenth Affirmative Defense

(Failure to Join an Indispensable Party)

14.    Plaintiff has failed to join indispensable parties including alleged traffickers and "Johns," over whom Answering Defendant exercised no control and for whom Answering Defendant is not legally responsible.

Fifteenth Affirmative Defense

(Capacity)

15.    Plaintiff lacks capacity to sue.

Sixteenth Affirmative Defense

(Reservation)

16.    Answering Defendant will reply upon all defenses lawfully available to them, including, but not limited to, those already asserted herein and those in Fed. R. Civ. P. 8. Answering Defendant expressly reserves the right to amend this Answer, to add, delete or modify Affirmative

29

Defenses based on legal theories, facts and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

WHEREFORE, Answering Defendant denies liability and asks the Court to enter judgment in their favor on all claims and award to Answering Defendant their fees and costs together with such other equitable relief that the Court deems fair and just.

DATED: January 12, 2026                    **O'HAGAN MEYER LLP**


By: _____
        Joseph R. Lordan
        Matt D. Zumstein
        Attorneys for Defendant
        PRAVIN G. PATEL

DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

**CERTIFICATE OF SERVICE**
*Jane Doe v. G6 Hospitality, LLC, et al.*
USDC Eastern District Case No. Case No. 2:25-cv-03142-DC-JDP

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 2100, San Francisco, California 94111.

On January 12, 2026, I served true copies of the following document:

- **DEFENDANT PRAVIN G. PATEL'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

I served the document on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Brett Schreiber, Esq.<br>Meagan Verschueren, Esq.<br>Katie Llamas, Esq.<br>**SINGLETON SCHREIBER, LLP**<br>591 Camino de la Reina, Ste. 1025<br>San Diego, CA 92108<br><br>Tel. (619) 771-3473<br>Emails: bsschreiber@singletonschreiber.com<br>    mverschueren@singletonschreiber.com<br>    kllamas@singletonschreiber.com | |

The document was served by the following means:

**x** (**BY E-MAIL OR ELECTRONIC TRANSMISSION**) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address vgalo@ohaganmeyer.com  to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 12, 2026 at San Francisco, California.

_____
Vanessa Galo