Brett Schreiber (SBN 239707)
bschreiber@singletonschreiber.com
Meagan Verschueren (SBN 313117)
mverschueren@singletonschreiber.com
Katie Llamas (SBN 303983)
kllamas@singletonschreiber.com
Alexia Palacios-Peters (SBN 263576)
apeters@singletonschreiber.com
SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108
Tel. (619) 771-3473

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE 1, an individual, and JANE DOE 2, a minor, by and through her guardian JANE DOE 1,<br><br>Plaintiff,<br>v.<br><br>G6 Hospitality, LLC; G6 Hospitality IP, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; G6 Hospitality Franchising, LLC; Motel 6 Operating, LP; D Mod Hotel LLC.; Pravin G. Patel, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:25-cv-03142-DC-JDP<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Jane Doe 1 and Jane Doe 2, a minor, by and through her guardian JANE DOE 1 ("Plaintiffs") andG6 Hospitality, LLC; G6 Hospitality IP, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; G6 Hospitality Franchising, LLC; Motel 6 Operating, L.P.; and Tridevi Corporation ("Defendants")

(collectively the "Parties") agree that discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order is consistent with Fed. R. Civ. P. 26 and LCR 141.1(b). The Parties acknowledge and agree that it does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Information under seal.

1. <u>PURPOSES AND LIMITATIONS</u>

1.1 Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

1.2. As used in this Stipulated Protective Order, the following definitions shall apply:

(a) "Action" means *Jane Doe 1 et al. v. G6 Hospitality, LLC et al.*, Case No. 2:25-cv-03142 presently pending in the U.S. District Court for the Eastern District of California.

(b) "Party" or "Parties" means any party named in this Action that has not been dismissed as of the date of this Order.

(c) "Non-Party" means any natural person, partnership, corporation, association, or legal entity who is not a Party in this Action.

(d) "Counsel of Record" means any attorney representing a Party.

(e) "Plaintiffs' Identity" means Jane Doe 1 and Jane Doe 2's personally identifiable information, including: [1] names and aliases used by Plaintiffs at any time; [2] Plaintiffs' dates of birth; [3] Plaintiffs' social security numbers and any other personally identifying numbers; [4] Plaintiffs' current and

prior residential addresses; [5] Plaintiffs' personal and home phone numbers and social media or online user accounts; [6] Plaintiffs' physical description, including weight, height, hair color, eye color, ethnicity, tattoos, and piercings; [7] videos, photographs, or other depictions of Plaintiffs; and [8] the names of Plaintiffs' parents, siblings, children, and spouses, if any.

(f) "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive or confidential personal identifying or financial information of Non-Parties (e.g., trafficking survivors, witnesses, customers, guests), including but not limited to, names, dates of birth, social security numbers, phone numbers, employment histories, personnel records, or credit card information, videos, photographs, and social media; [2] any trade secret, nonpublic proprietary information, nonpublic financial information, confidential research, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and [3] any material prohibited from disclosure by statute or Court Order that is nonetheless discoverable. "Confidential Information" does not include "Plaintiffs' Identity" which is separately addressed in Section 4.

(g) "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY".

(h) "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information or "Plaintiffs' Identity" has been produced by a Designating Party.

(i) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

(j) "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this Action.

(k) "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

(l) "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

(m) "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

(n) "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

(o) "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

(p) "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY" as provided for in this Stipulated Protective Order.

2. <u>SCOPE</u>

2.1 The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Confidential Information and Protected Material; and [3] any testimony, conversations, or presentations by Parties or their Counsel that may

reveal Protected Material.

2.2 Except for Plaintiffs' Identity, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. The Parties acknowledge that Plaintiffs' Identity may be known to others but must be kept confidential in this Action under the terms of this Stipulated Protective Order.

2.3 This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Stipulated Protective Order in any way, including, without limitation, an order that certain materials not be produced at all.

2.4 To the extent a Designating Party provides Protected Material under the terms of this Stipulated Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Stipulated Protective Order.

2.5 To the extent a Party independently learns, obtains, or acquires Plaintiffs' Identity, such information is subject to the terms of this Stipulated Protective Order and the Party shall not share that information with any Non-Party, absent express written permission from Plaintiff Jane Doe 1, unless in conformance with this Stipulated Protective Order.

3. ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL

3.1 Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

///

3.2 All Protected Material shall be used solely for the purposes of the Action. Nothing herein shall restrict the use of Protected Material by the Producing Party. Protected Material produced by Defendants shall not be shared with any litigation funding organization.

3.3 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Confidential Information to:

(a) Any of the Receiving Party's Counsel of Record in this Action, including their employees;

(b) Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(c) The Parties (as defined in Section 1.2(b)) who are bound by this Order, including current owners, current officers, current directors, and current employees (including In-House Counsel), and agents and/or representatives of any of the foregoing, as is necessary to litigate any claims or defenses (but only to the extent that such individuals are not alleged to be traffickers).

(d) Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the Acknowledgement and Agreement to Be Bound (hereinafter "Exhibit A");

(e) Experts, investigators, contractors, or consultants to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A;

(f) The Court and court personnel;

(g) Court reporters, recorders, and videographers engaged for depositions;

(h) Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Confidential Information;

(i) During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Confidential Information so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Confidential Information upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(k) Insurers for any of the Parties, third party administrators of the Insurers or Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute, provided that a representative with authority to bind each insurer and/or entity signs Exhibit A on behalf of the insurer/entity;

(l) Any witness who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition provided the Non-Party witness executes Exhibit A. If a witness refuses to sign Exhibit A, the witness may still be shown the Confidential Information provided they are made aware of this Protective Order and their obligations under it, and that Counsel executes the Attorney Certification Regarding Disclosure of Plaintiffs' Identity or Confidential Information and Admonishment as to the Court's Protective Order attached as Exhibit B; and

(m) Such other persons as hereafter may be designated by written agreement of the Parties in this Action or by order of the Court and who execute Exhibit A.

3.4 Filing Confidential Information. When filing Confidential Information or discussing or referencing Protected Material in court filings, the Parties shall determine whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted in accordance with Local Civil Rule 140.. Local Civil Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 141, even if it is not the Party filing the motion to seal.

4. ACCESSING AND USE OF PLAINTIFFS' IDENTITY

4.1 During all pre-trial proceedings in this Action and in any public filings or statements, the Parties must either redact Plaintiffs' Identity or use the pseudonyms "Jane Doe 1" or "Jane Doe 2" in place of Plaintiffs' Identity. Nothing in this Agreement shall prevent Jane Doe 1 and Jane Doe 2 from seeking all protections under this Agreement regarding their identities at any or all trial proceedings in this Action and thereafter.

4.2 Within three days of the entry of this Order by the Court, Plaintiffs shall provide Defendants, through their Counsel, with Plaintiffs' full names, maiden names, alias names used at any time, dates of birth, addresses, last four digits of Plaintiffs' Social Security numbers, and the known names and aliases of their alleged trafficker(s) and any known alleged trafficker's associates, together with physical descriptions if names and aliases are not known. Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this Action. Nothing in this Order shall prevent a Party from requesting from Plaintiffs during the course of discovery any other information that is linked or linkable to the true identity of Plaintiffs or their trafficker(s) and associates. Relatedly, nothing in this Order shall relieve Plaintiffs of the obligation to produce any discoverable documents or information that

Plaintiffs intend to rely upon at trial.

4.3 Access to Plaintiffs' Identity shall be limited to, and only to, the following:

(a) The Parties, as defined in Section 1.2(b), who are bound by this Order, including current owners, current officers, current directors, and current employees of the Parties (including In-House Counsel), and agents and/or representatives of any of the foregoing necessary to litigate any claims or defenses (but only to the extent that such individuals are not alleged to be traffickers). Plaintiffs' Identity provided to employees will be limited to Plaintiffs' names, dates of birth, and photographs only;

(b) Any Counsel of Record for the Parties who are bound by this Order and retained specifically for this Action, and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

(c) Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiffs' Identity is necessary to litigate any claims or defenses and only after such agencies are made aware of this Stipulated Protective Order;

(d) Former employees (including In-House Counsel), officers, contractors, and representatives of the Parties will have access to Plaintiffs' names, and photographs only, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action and who execute Exhibit A;

(e) Any witness, except Non-Party traffickers of Jane Doe 1 and the Non-Party traffickers' associates, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this Action will have access to Plaintiffs' names and photographs only, and who executes Exhibit A. If a witness refuses to sign Exhibit A, the witness will have access to Plaintiffs' names and photographs only, provided they are made aware of this Protective Order and their obligations under it, and that Counsel executes the Attorney Certification

Regarding Disclosure of Plaintiffs' Identity or Confidential Information and Admonishment as to the Court's Protective Order attached as Exhibit B. This provision does not include Plaintiffs' trafficker(s) or the trafficker(s) associates;

(f) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(g) Insurers for any of the Parties, third-party administrators for the Insurers, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute, provided that a representative with authority to bind the insurer signs Exhibit A on behalf of the insurer;

(h) The Court and Court personnel;

(i) Court reporters, recorders, and videographers engaged for depositions;

(j) Any custodian of records whom a Party reasonably believes has records related to Plaintiffs that are likely to be relevant and admissible in this case;

(k) Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have executed Exhibit A;

(l) Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

(m) Government agencies and agency personnel, but only after such agency is made aware of this Order and to the extent that the disclosure of Plaintiffs' Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements, so long as the request does not create a public record identifying either Jane Doe 1 or Jane Doe 2; and

///

(n) Such other persons as hereafter may be designated by written agreement of Plaintiffs in this Action or by order of the Court and who execute Exhibit A.

4.4 As used herein, alleged “traffickers” shall not include Defendants’ employees and agents whose actions may meet the definition of trafficking. The disclosure of Plaintiffs’ identifying name(s) and/or photographs of Plaintiffs may be disclosed to Plaintiffs’ alleged trafficker(s) and his or her counsel, and only to the extent it is necessary, i.e., that Plaintiffs’ Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying. Such disclosure shall only take place if the procedures herein are followed and the disclosure is permitted by separate Court order, as outlined in the Subparagraph below (Section 4.5).

4.5 Defendants may not disclose Plaintiffs’ Identity to the alleged traffickers and their associates without prior Court approval. To obtain Court approval, Defendants must file a sealed application with the Court and serve Plaintiffs with a copy, in which Defendants: (1) describe with reasonable specificity the nature of the information sought from the alleged trafficker(s) or their associate(s); (2) provide the identity of the trafficker(s) or their associate(s) from whom information is sought; (3) explain why the information is sought from the alleged trafficker(s) or their associate(s) as opposed to some other source; (4) identify any alternative means available to get the information; (5) identify any and all attempts to get the information from other sources; and (6) explain the necessity of disclosing Plaintiffs’ Identity to the alleged trafficker(s) or their associate(s). Fourteen days after Defendants file and serve their application, Plaintiffs must file a sealed response and serve Defendants with a copy of her response that identifies: (1) any specific concerns with or objections to Defendants’ request; (2) facts demonstrating how and why Defendants’ proposed disclosure of Plaintiffs’ Identity poses a risk of harm to Plaintiffs and/or her family; and (3) any reasonable restrictions the Court should place on the disclosure of Plaintiffs’ Identity. The

Court will then evaluate the application and provide its ruling. Should the Court grant Defendants' application, Defendants shall provide Plaintiffs with at least fourteen (14) days advance notice of the contact, where the contact will occur, and the information that will be disclosed regarding Plaintiffs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

5.2 Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may result in sanctions against the Designating Party.

5.3 If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.4 Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, disclosure of documents and things that qualify for protection under this Stipulated Protective Order must be clearly designated before or when the materials are disclosed or produced.

(a) For information produced in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix

the word "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY" to each page that contains such material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) unless such designations would be disproportional to the needs of the case, in which case, the Parties may meet and confer with respect to such designations.

(b) Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY." If a Party or Non-Party desires to protect Protected Material at trial, the issue should be addressed during the pre-trial conference.

(c) When producing other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of

this Order.

6. CHALLENGING Protected material DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Form of Challenge. Any challenge to a designation of the Designating Party's Protected Material shall be written and identify, with particularity, the documents or information that the Receiving Party contends should be differently designated. It shall also state the grounds for the challenge.

6.3 Meet and Confer. The Parties must meet and confer in attempt to resolve any dispute regarding confidential designations before seeking Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention within thirty (30) days of the challenge, the Designating Party must file and serve a motion to retain confidentiality under Local Civil Rule 230 (and in compliance with Local Civil Rule 141, if applicable) within thirty (30) days of being notified of the challenge, or any later date stipulated by the Parties. The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or

impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as Protected Material until one of the following occurs: [1] the Designating Party withdraws such designation in writing; [2] the Designating Party fails to move to retain confidentiality within thirty (30) calendar days or any other date stipulated by the Parties; or [3] the Court rules that the disputed material is not entitled to the designation.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

7.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "PLAINTIFFS' IDENTITY," the subpoenaed or otherwise ordered Party must:

(a) Redact Plaintiffs' Identity or use the pseudonyms "Jane Doe 1" and "Jane Doe 2" in place of Plaintiffs' Identity;

(b) Promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(c) Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(d) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

7.2 Nothing in this Order shall be construed to prevent third parties from moving to intervene to modify this Stipulated Protective Order to allow disclosure of certain information necessary to prove claims in other cases.

///

///

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosures; [2] use its best efforts to retrieve all unauthorized copies of the Protected Material and/or identifying information; [3] inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and [4] request that such person or persons execute Exhibit A.

8.2 Any intentional or reckless unauthorized disclosure may be subject to appropriate sanctions by the Court.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Section 11 below, sets forth a non-waiver provision in accordance with Fed. R. Evid. 502(d).

9.2 Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

9.3 The Receiving Parties must, unless they contest the claim of privilege or protection in accordance with this Stipulated Protective Order, do the following: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

10.1 Within 60 days after the termination of this Action, including all appeals, each Receiving Party must return all Protected Material to the Producing Party, including all copies, extracts, and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

10.2 Notwithstanding this provision, Counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; Expert reports; attorney work product; witness statements; and consultant and Expert work product, even if such materials contain Protected Material.

10.3 The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

11. Non-waiver and rule 502

11.1 Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, in this Action shall not, for the purposes of this Action or any other federal or state proceeding, constitute a complete waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right or responsibility to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information inadvertently produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.

///

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**PRESENTED BY:**

**SINGLETON SCHREIBER, LLP**

Dated: July 20, 2026 By: */s/ Meagan Verschueren*

Meagan Verschueren (SBN 313117)
Katie Llamas (SBN 303983)
Alexia Palacios-Peters (SBN 263576)
*Attorneys for JANE DOE 1, an individual, and JANE DOE 2, a minor, by and through her guardian JANE DOE 1*

**JONES DAY**

Dated: July 20, 2026 By: */s/ Allison McQueen*

Allison McQueen
Kathleen Wallace
*Attorneys for Defendants G6 Hospitality LLC, G6 Hospitality IP LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, and G6 Hospitality Franchising LLC, and Motel 6 Operating L.P.*

**O'HAGAN MEYER, LLP**

Dated: July 20, 2026 By: */s/ Matt D. Zumstein*

Matt D. Zumstein
Kathryn McCallion
*Attorney for Defendant Tridevi Corporation*

IT IS SO ORDERED.

Dated: July 30, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California at ____________ on ________ in the case of *Jane Doe 1, et al. v. G6 Hospitality LLC, et al.*, Case No. 2:25-cv-03142-DC-JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this Action.

Date: ________________

______________________________________________
Printed Name

______________________________________________
Signature

______________________________________________
City and State where sworn and signed

**EXHIBIT B**

**ATTORNEY CERTIFICATION REGARDING DISCLOSURE OF PLAINTIFFS' IDENTITY OR CONFIDENTIAL INFORMATION AND ADMONISHMENT AS TO THE COURT'S PROTECTIVE ORDER**

I, ________________________________________ , declare that:

1. My address is ____________________________________________________________, and the name and address of my present employer is ____________________________________________________________ ____________________________________________________________.

2. My title is __________________________________________________.

3. On this _____ day of __________, 2026, while speaking with __________________, I determined it was necessary to disclose Plaintiffs' or a related victim's identity or Confidential Information.

4. I certify that prior to disclosing Plaintiffs' or a related victim's identity or Confidential Information to ___________ I made _________ aware of and summarized the Court's Protective Order and admonished _________ that failure to adhere to the Court's Protective Order by disclosing Plaintiffs' or a related victim's identity or Confidential Information could subject _________ to legal consequences.

5. I declare under penalty of perjury that the facts stated above are true and correct.

Executed this _______ day of __________, 20____ in the State of ___________.

By: ________________________________
(SIGNATURE)

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 21, 2026

*/s/ Meagan Verschueren*
Meagan Verschueren, Esq.

SINGLETON SCHREIBER

Dated: July 30, 2026

*/s/ Meagan Verschueren*

Meagan Verschueren (SBN 313117)
mverschueren@singletonschreiber.com
Katie Llamas (SBN 303983)
kllamas@singletonschreiber.com
Alexia Palacios-Peters (SBN 263576)
apeters@singletonschreiber.com
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108
Tel. (619) 771-3473
*Attorneys for Plaintiffs Jane Doe 1 and Jane Doe 2*