UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br>Plaintiffs,<br>v.<br>G6 HOSPITALITY, LLC, et al.,<br>Defendants. | No. 2:25-cv-03142-DC-JDP<br><br>ORDER GRANTING PLAINTIFFS' MOTIONS TO PROCEED UNDER PSEUDONYMS<br><br>(Doc. Nos. 2, 22) |

This matter is before the court on Plaintiffs' pending motions to proceed under pseudonyms. (Doc. Nos. 2, 22.) For the reasons explained below, the court will grant the pending motions to proceed under pseudonyms.

**BACKGROUND**

Plaintiff Jane Doe 1 initiated this action against Defendants on October 28, 2025. (Doc. No. 1.) Minor Plaintiff Jane Doe 2, the biological daughter of Plaintiff Jane Doe 1, joined the action on January 12, 2026. (Doc. No. 21.) Plaintiffs filed the operative second amended complaint on June 16, 2026. (Doc. No. 45.)

Plaintiffs allege that Defendants are liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and common law for their role in the alleged sex trafficking of Plaintiff Doe 1 and related injuries to Plaintiff Doe 2. (*Id.* at ¶¶ 203–243.) Plaintiffs allege that Plaintiff Doe 1 was the victim of sex trafficking from July 2018 to August 2020 at properties

owned, operated, or controlled by Defendants. (*Id.* at ¶ 143.) Defendants allegedly had knowledge of, facilitated, and benefitted from the sex trafficking occurring on their properties, including the alleged sex trafficking of Plaintiff Doe 1. (*Id.* at ¶¶ 109–191.) Plaintiff Doe 1 became pregnant with Plaintiff Doe 2 during the period Plaintiff Doe 1 was allegedly being trafficked. (*Id.* at ¶ 156.) Plaintiff Doe 1 was allegedly forced to engage in commercial sex acts until the day Plaintiff Doe 2 was born, resulting in Plaintiff Doe 1 being rushed to the hospital for an emergency cesarian section to give birth to Plaintiff Doe 2. (*Id.* at ¶ 157.) Plaintiff Doe 2 almost died during the emergency cesarian section and was later diagnosed with cerebral palsy with incomplete quadriplegia, which Plaintiffs allege is the result of Plaintiff Doe 1's trafficking. (*Id.* at ¶¶ 158, 199.)

Plaintiff Doe 1 filed the pending motion to proceed under a pseudonym on October 28, 2025. (Doc. No. 2.)

Plaintiff Doe 2 filed the pending motion to proceed under a pseudonym on January 12, 2026. (Doc. No. 22.)

No party filed an opposition to either of the pending motions.

## LEGAL STANDARD

The presumption in litigation is that parties must use their real names, which is related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). However, many federal courts, including the Ninth Circuit, permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067–68 (quoting *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068. "Applying this

balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (quotations and citations omitted).

In cases where pseudonyms are used to shield the anonymous party from retaliation, "the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* The court must also decide whether the public's interest in the case would be best served by requiring the litigants to reveal their identities. *Id.*

## ANALYSIS

### A. Plaintiff Jane Doe 1

Plaintiff Doe 1 requests to proceed under pseudonym because this action involves allegations of sex trafficking. (Doc. No. 2 at 3–4.) Specifically, Plaintiff Doe 1 contends that "[her] traffickers and affiliates harbored and forced [Plaintiff Doe 1] to engage in commercial sex acts for years through physical force, intimidation, coercion, and threats against her to obtain her compliance." (*Id.* at 8.) Further, Plaintiff Doe 1 contends that disclosing survivors' identities "will certainly create a threat of serious bodily injury or death" to survivors such as Plaintiff Doe 1. (*Id.* at 7.) Plaintiff Doe 1 also contends that proceeding with a pseudonym "allow[s] her to exercise her right to bring this lawsuit without the threat of extreme humiliation, retribution, bodily harm or death." (*Id.* at 4.) Finally, Plaintiff Doe 1 contends that Defendants would not be prejudiced if Plaintiff Doe 1 were allowed to proceed under a pseudonym. (*Id.* at 8.)

The court finds good cause to allow Plaintiff Doe 1 to proceed with a pseudonym at this stage. Given the nature of Plaintiffs' allegations related to Plaintiff Doe 1's sex trafficking, Plaintiff Doe 1 has a reasonable fear of retaliatory physical or mental harm from her traffickers if heridentity were made public. *See V.T. v. Shrigi, Inc.*, No. 1:26-cv-02415-FJS, 2026 WL 1146205, at *2 (E.D. Cal. Apr. 28, 2026) ("District Courts within the Ninth Circuit uniformly

allow plaintiffs alleging sexual assault to proceed under pseudonyms." (quotation and citation omitted)). This fear outweighs the public's countervailing interest in knowing Plaintiff Doe 1's identity. *See Doe v. Semaia*, No. 5:26-cv-04669-MBK, 2026 WL 2587880, at *5 (C.D. Cal. Sept. 1, 2026) ("[W]hile the public always has an interest in open court proceedings, the decisions in this case are available to the public and Petitioner's true identity is not necessary for the public to understand or evaluate them." (citing *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015))). Further, allowing Plaintiff Doe 1 to proceed pseudonymously will not prejudice Defendants at this stage, especially where, as here, Defendants have appeared but have not filed an opposition to Plaintiffs' motions. *See Jane Doe v. Western Best, Inc., et al.*, No. 25-3455, 2026 WL 3017600, at *2 (9th Cir. Oct. 7, 2026) ("Defendants will not be prejudiced if Doe proceeds pseudonymously because they will be able to ascertain Doe's identity through discovery, and they may use that information in litigating this case.")[1]; *M.E. v. Mayorkas*, No. 2:24-cv-01548-JNW, 2024 WL 4818493, at *2 (W.D. Wash. Nov. 18, 2024) ("Defendants' appearance, together with Defendants' lack of opposition to the instant motion, signals that Plaintiff's request to proceed under pseudonym will not unduly prejudice the opposing party."); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("An opposing party is in the best position to articulate the specific prejudices it may face if a party proceeds pseudonymously. The failure of the Defendants to articulate such prejudices would suggest little to no prejudice.").

Thus, the court will grant Plaintiff Doe 1's motion to proceed under a pseudonym.

**B. Plaintiff Jane Doe 2**

Minor Plaintiff Doe 2 seeks to proceed under a pseudonym because (i) she is a minor, (ii) the case involves highly sensitive personal matters, and (iii) there is a serious risk of harm and retaliation. (Doc. No. 22 at 2–3.) Specifically, Plaintiff Doe 2 contends that "[p]ublic disclosure of Jane Doe 2's identity would expose intimate details of her birth, medical condition, and her mother's victimization—matters that are deeply personal and inappropriate for public dissemination, particularly for a child." (*Id.* at 3.) Further, Plaintiff Doe 2 contends that disclosure

[1] Citation to unpublished Ninth Circuit opinions such as the one cited here in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

of her identity could place her at risk of retaliation, harassment, or harm by her mother's traffickers. (*Id.*) Plaintiff Doe 2 also contends that Defendants would not be prejudiced. (*Id.*)

The court finds good cause to allow Plaintiff Doe 2 to proceed with a pseudonym at this stage. Plaintiff Doe 2's status as a minor weighs heavily in favor of allowing her to proceed anonymously. *See E.P. v. Cnty. of Kern*, No. 1:25-cv-01260-JLT-CDB, 2025 WL 2987649, at *4 (E.D. Cal. Oct. 23, 2025) ("It is well established that minors may proceed in a suit anonymously . . . ."); *see also* L.R. 140(a)(i) (requiring minors to proceed anonymously in civil actions when the specific identity of the minor is not necessary to the action). Further, given the highly personal and sensitive nature of the circumstances and injuries related to Plaintiff Doe 2's birth, allowing Plaintiff Doe 2 to proceed anonymously would preserve her privacy and prevent harassment, ridicule, or personal embarrassment. *See Advanced Textile Corp*., 214 F.3d at 1067. Plaintiff Doe 2's need for privacy also outweighs the public's interest in knowing her identity. *See Semaia*, 2026 WL 2587880, at *5. Finally, any prejudice to Defendants would be minimal because Plaintiffs are willing to disclose identifying information to Defendants under an appropriate protective order. (Doc. No. 22 at 3); *see Doe v. Uber Techs., Inc.*, No. 1:26-cv-05718-KES-CDB, 2026 WL 2428081, at *2 (E.D. Cal. Aug. 19, 2026) ("Because Plaintiff represents that she is willing to disclose her identity to counsel for Defendants subject to appropriate safeguards, such as under an appropriate protective order, the Court finds that Defendants would not suffer material prejudice if Plaintiff were allowed to proceed under pseudonym.").

Thus, the court will grant Plaintiff Doe 2's motion to proceed under a pseudonym.

## CONCLUSION

For the reasons explained above:

1. Plaintiff Jane Doe 1's motion to proceed pseudonymously (Doc. No. 2) is GRANTED;
2. All parties and their counsel shall use the pseudonym "Jane Doe 1" in place of Plaintiff Jane Doe 1's legal name in all future filings in this action;
3. Plaintiff Jane Doe 2's motion to proceed pseudonymously (Doc. No. 22) is GRANTED;

4. All parties and their counsel shall use the pseudonym "Jane Doe 2" in place of minor Plaintiff Jane Doe 2's legal name in all future filings in this action;

5. The parties are prohibited from disclosing or publishing Plaintiffs' true names and identifying information except by order of this Court; and

6. The Clerk of the Court is directed to update the docket to reflect the change in Plaintiff Jane Doe's name to the pseudonym "Jane Doe 1" in this action.

IT IS SO ORDERED.

Dated: **October 28, 2026**

Dena Coggins
United States District Judge