UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al.,<br>Plaintiffs,<br>v.<br>G6 HOSPITALITY, LLC, et al.,<br>Defendants. | No. 2:25-cv-03142-DC-JDP<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO APPOINT PLAINTIFF JANE DOE 1 AS GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF JANE DOE 2<br><br>(Doc. No. 24) |

This matter is before the court on Plaintiffs' motion to appoint Plaintiff Jane Doe 1 as guardian *ad litem* for minor Plaintiff Jane Doe 2. (Doc. No 24.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 33.) No opposition to the pending motion has been filed. For the reasons explained below, the court will deny without prejudice Plaintiffs' motion.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the

minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

The proposed guardian *ad litem*, Plaintiff Jane Doe 1, is the biological mother of minor Plaintiff Jane Doe 2. (Doc. No. 24-2 at ¶ 1.) Plaintiff Jane Doe 1 consents to act as a guardian *ad litem* and asserts there is no conflict of interest between her and her child because their claims are aligned and arise from the same operative facts. (Doc. Nos. 24-2 at ¶¶ 5, 6; 24-1 at 2.) Based on these representations and a review of the operative complaint, the court finds that Plaintiff Jane Doe 1 has no conflict of interest with minor Plaintiff Jane Doe 2. *See J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). The court finds Plaintiff Jane Doe 1 to be an appropriate guardian *ad litem* for minor Plaintiff Jane Doe 2 and the requirements of Local Rule 202(a) have been satisfied.

However, Plaintiffs' counsel has not provided the disclosure of attorney's interest as required by Local Rule 202(c). For this reason, the court will deny Plaintiffs' motion to appoint Plaintiff Jane Doe 1 as guardian *ad litem* without prejudice to Plaintiffs re-filing a revised motion or notice that complies with the requirements of Local Rule 202(c).

Accordingly:

1. Plaintiffs' motion for appointment of Plaintiff Jane Doe 1 as guardian *ad litem* for minor Plaintiff Jane Doe 2 (Doc. No. 24) is denied, without prejudice, due to noncompliance with the requirements of Local Rule 202(c); and
2. Plaintiffs shall file a renewed motion that complies with Local Rule 202(c) within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **October 28, 2026**

Dena Coggins
United States District Judge